TIM GRIFFIN
ATTORNEY GENERAL

Autumn Hamit Patterson
Solicitor General

Direct Dial: (501) 682-6302
E-mail: autumn.patterson@arkansasag.gov

April 8, 2026

Via ECF
Susan E. Bindler
Clerk, United States Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street, Room 24.329
St. Louis, MO 63102

Re: *Fayetteville Public Library v. Crawford County*, No. 25-1146

Dear Ms. Bindler:

Under Rule 28(j), I write regarding *Penguin Random House, LLC v. Robbins*, No. 25-1819 (8th Cir. Apr. 6, 2026), which vacated a preliminary injunction enjoining enforcement of provisions that required certain books to be removed from public-school libraries. Slip Op. 3, 8-9. *Penguin* is pertinent to this appeal in several ways worth highlighting.

As a preliminary matter, *Penguin* confirms that Arkansas's challenged law doesn't violate the First Amendment right to receive information. Appellants' Br. 39-41; Reply 16-17. Favorably citing the Fifth Circuit's opinion in *Little v. Llano County*, 138 F.4th 834, 837 (5th Cir. 2025) (en banc), *Penguin* indicates that removing books from library shelves doesn't implicate the right to receive information because such removals don't prevent the receipt of information. Slip Op. 5. *Penguin* then emphasizes that there's no "right to access books of [one's] choosing at taxpayer expense," *id.* at 6—which perfectly aligns with Defendants' arguments, *e.g.*, Reply 13, 19.

TIM GRIFFIN
ATTORNEY GENERAL

*Penguin* also bolsters Defendants' arguments that public-library curation decisions are government speech. For starters, it suggests that libraries' curation decisions are exercises of editorial judgment, Slip Op. 7, which is consistent with Defendants' arguments that curation decisions about whether to retain or relocate materials in a public library are a type of speech, Appellants' Br. 30-33; Reply 9-15. What's more, *Penguin* demonstrates that this Court's precedent doesn't foreclose Defendants' government-speech arguments. *Penguin* tellingly avoids holding that public-school libraries are not government speech, holding only that, "*if* school libraries are not government speech, no standard more exacting than *Hazelwood* applies." Slip Op. 4 (emphasis added). And while *Penguin* acknowledged this Court is "bound" by a relevant holding in *Walls v. Sanders*, 144 F.4th 995 (8th Cir. 2025), it said no such thing about the government-speech discussion in *GLBT Youth in Iowa Schs. Task Force v. Reynolds*, 114 F.4th 668 (8th Cir. 2024). *Id.* at 6. Instead, *Penguin* simply quoted *GLBT Youth*'s language expressing "doubts" about whether removing school-library books would be viewed as government speech. *Id.* Finally, *Penguin* favorably cited *Little*—while acknowledging that opinion's explanation that "a library's collection decisions are government speech." *Id.* at 5.

Respectfully submitted,

*<u>/s Autumn Hamit Patterson</u>*
Autumn Hamit Patterson
Solicitor General

BOB R. BROOKS JR. JUSTICE BUILDING
101 WEST CAPITOL AVENUE
LITTLE ROCK, ARKANSAS 72201